# EXHIBIT 1-2

## Complaint

## STATE OF MICHIGAN
## SECOND JUDICIAL CIRCUIT COURT BERRIEN COUNTY

JUAN MATA, an individual

    Plaintiff

v.

CITY OF BANGOR, a public body

and

JUSTIN WEBER, an individually

    Defendants

Case No. 25-0107-CZ

Hon: CHARLES T. LASATA

---

WILLIAM F. PIPER, PLC
William F. Piper (P38636)
*Attorney for Plaintiff*
9848 Portage Rd.
Portage, MI 49002
(269) 321-5008
wpiper@wpiperlaw.com
legal@wpiperlaw.com

---

## COMPLAINT

The plaintiff, by and through his attorney William F. Piper, PLC, for his complaint, states as follows.

## JUDRISDICTIONAL ALLEGATIONS

1. The plaintiff Juan Mata is a Hispanic man who was born in 1954, and he resides in the County of Berrien, State of Michigan.

2. The defendant City of Bangor is a city that is located in the County of Van Buren, State of Michigan.

3. The defendant, Justin Weber was the city manager and chief of police for the City of Bangor at all times relevant to this complaint.

4. This lawsuit involves damages to the plaintiff that exceed $25,000.00.

5. This lawsuit involves unlawful events that occurred in late 2024 and in early 2025 up to February 2, 2025.

## COMMON ALLEGATIONS

6. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-5 of this complaint.

7. The defendant City of Bangor hired Mr. Mata in November 2015 as a full-time police officer.

8. During his employment Mr. Mata received injuries as a result of having been bitten by a police dog.

9. While Mr. Mata was healing from his injuries, the former police chief of the City of Bangor told Mr. Mata to file for unemployment benefits because of his age.

10. After having been unemployed for about a month Mr. Mata learned that the department had an opening for a full-time police officer.

11. The city manager at the time made a "joke" about Mr. Mata not being able to fulfill the requirements of a full-time police officer because of his age.

12. After a lawsuit was filed against the City of Bangor, and several officers resigned, the City of Bangor hired Mr. Mata as a sergeant, which was the second in command in the department under their acting chief-the defendant Justin Weber.

13. The city of Bangor then made Justin Weber, who is a white man who is approximately 40 years old, the police chief.

14. On September 8, 2024 Mr. Mata submitted a written complaint to the City of Bangor City Council requesting an investigation into and disciplinary action against City Council

member Jeremy Uplinger for threatening and aggressive conduct Mr. Uplinger, a convicted felon, had engaged in. This included disturbing comments by Mr. Uplinger about a domestic situation, stating that officers would have to come back to "clean up the mess," that he would take the matter into his own hands, and that he was not afraid to go to prison because he had already been there.

15. Around October 2024 Mr. Uplinger, who is a white man, accused Mr. Mata falsely of killing a motorcycle operator, even though the motorcycle operator had been killed as a result of a collision with a truck.

16. Justin Weber was then promoted to the position of city manager in addition to that of police chief.

17. On January 27, 2025 the defendant Justin Weber told Mr. Mata that he was assigning him to a desk assignment position involving paperwork and maintenance and that he would not be allowed to work on the road anymore as a patrol officer or supervisor.

18. Mr. Weber told Mr. Mata that he was taking the employment actions against Mr. Mata after having consulted about them with the city council.

19. Mr. Weber at around the same time indicated he was promoting Troy Nelson to the position of lieutenant, therefore displacing Mr. Mata as the second in command of the department.

20. Mr. Weber also promoted Tyler Kendregun, who is a white man in his twenties, to the road patrol sergeant position, and he hired or was intending to hire a new young white patrol officer, upon information and belief.

21. The defendants announced these changes in a memo dated February 2, 2025.

22. Mr. Mata also learned that despite a policy that pay was based on seniority, Mr. Mata was being paid the same as sergeant Kemdregun, who had less seniority.

23. Mr. Mata was not notified that a lieutenant position was becoming available, nor was he given an opportunity to apply for it or bid on it.

24. The defendants intended these demeaning changes to induce Mr. Mata to resign his employment.

25. All of the members of the department except Mr. Mata were white men substantially younger than Mr. Mata.

26. As a result of the unlawful actions set forth above, Mr. Mata has suffered and will continue to suffer a loss of income and benefits, emotional distress, a loss of enjoyment of life, and other damages.

## COUNT I – WHISTLEBLOWERS PROTECTION ACT VIOLATION – BOTH DEFENDANTS

27. The plaintiff restates and realleges as though fully set forth herein, paragraphs 1 through 26 of this complaint.

28. The defendants demoted Mr. Mata to a demeaning position from his position as the second in command of the police department and treated him unfairly regarding his pay, and they denied him an opportunity for a promotion in retaliation against him because he reported what he believed was Mr. Uplinger's threatening and assaultive behavior to the city council.

29. This retaliatory conduct of the defendants violated the Whistleblower's Protection Act, MCL 15.361 *et. seq.*

30. As a result of the unlawful conduct the defendants, the plaintiff has suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment against the defendants for whatever amount is sufficient to compensate him for his damages past and future plus whatever equitable relief is appropriate, costs, interest, and attorney fees.

## COUNT II – FIRST AMENDMENT RETALIATION

31. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-30 of this complaint.

32. When Mr. Mata complained about Mr. Uplinger's threatening and assaultive behavior to the city council, he brought to its attention matters of public interest and public concern, including that Mr. Uplinger was engaged in threatening and assaultive behavior, and that he was a convicted felon who had been to prison.

33. Demoting a person to a demeaning position and negatively affecting his pay and job opportunities such as promotions would deter a person of ordinary firmness from speaking about matters of public concern.

34. It is clearly established that a government agency and a government official cannot retaliate against a person for complaining about a public official outside of his department in a way that does not affect the operation of the department.

35. The defendant Weber could not reasonably have believed that his conduct was within the constitutional limitations on the exercise of his authority under the First and Fourteenth Amendments to the Constitution of the United States.

36. This claim is actionable under 42 U.S.C. § 1983.

37. As a result of the unlawful retaliation Mr. Mata suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment against the defendants for whatever amount is sufficient to compensate him for his damages past and future plus punitive damages, whatever equitable relief is appropriate, costs, interest, and attorney fees.

## COUNT III – AGE AND RACE DISCRIMINATION
## BOTH DEFENDANTS

38. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-37 of this complaint.

39. The defendant demoted Mr. Mata to a demeaning position, failed to promote him, and failed to give him notice of or an opportunity for a promotion and paid him less, because of his age and race.

40. As a result of this discrimination Mr. Mata has suffered and would continue to suffer the damages set forth above.

41. These claims are actionable under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et. seq.*

WHEREFORE, the plaintiff requests a judgment against the defendants for whatever amount is sufficient to compensate him for his damages past and future plus punitive whatever equitable relief is appropriate, costs, interest, and attorney fees.

Dated: April 16, 2025

WILLIAM F. PIPER
Attorney for the plaintiff

William F. Piper
BUSINESS ADDRESS
9848 Portage Rd.
Portage, MI 49002

DUPLICATE ORIGINAL

## STATE OF MICHIGAN
## SECOND JUDICIAL CIRCUIT COURT BERRIEN COUNTY

JUAN MATA, an individual
    Plaintiff

v.

CITY OF BANGOR, a public body

and

JUSTIN WEBER, an individually

    Defendants

Case No. 25-0107-CZ
Hon.: **CHARLES T. LASATA**

---

WILLIAM F. PIPER, PLC
William F. Piper (P38636)
*Attorney for Plaintiff*
9848 Portage Rd.
Portage, MI 49002
(269) 321-5008
wpiper@wpiperlaw.com
legal@wpiperlaw.com

---

## DEMAND FOR TRIAL BY JURY

The plaintiff Juan Mata, by and through his attorney William F. Piper, PLC, hereby demands a trial by jury in the above-entitled matter.

Dated: April 16, 2025

                                        WILLIAM F. PIPER, PLC.
                                        Attorney for Plaintiff

                                        By: _____
                                              William F. Piper (P38636)
                                        BUSINESS ADDRESS:
                                             9848 Portage Rd.
                                             Portage, MI 49002
                                             (269) 321-5008